[No. 495. Decided October 11, 1892.]

FREDERICK H. LEDYARD, *Respondent*, v. WEST STREET AND NORTH END ELECTRIC RAILWAY COMPANY, *Appellant.*

PERSONAL INJURIES — DAMAGES — INSTRUCTIONS.

Where plaintiff in an action for personal injuries testified that his wages as a brick wheeler were $40 a month and his family's board and house rent, it was proper for the court to refuse to instruct that "the jury cannot take into consideration the value of the house rent and board which he was getting from his employer at the time of the injury, in determining the damages, if any, for his loss of time, but only the cash wages which he was then earning."

*Appeal from Superior Court, King County.*

*Burke, Shepard & Woods,* and *Charles Shepard,* for appellant.

*J. W. Corson,* and *James B. Howe,* for respondent.

The opinion of the court was delivered by

STILES, J.—We hold that a notice to settle a statement of facts on the 25th day of January, served on the 15th day of January, is a ten days' notice; therefore, the motion to strike is denied.

The injury complained of in this case was caused by the same accident as that in *Cogswell v. West Street, etc., Ry. Co., ante,* p. 46, and was of precisely the same character, except in its severity, which was much less. The main features of the trial, instructions and exceptions were the same.

Respondent testified that his wages as a brick wheeler were $40 a month and his family board and house rent. He did not say what the board and rent were worth. Upon this appellant asked the court to instruct: "The plaintiff has given no evidence of the money value of the house rent and board which he was getting from his employer at the time of the injury, and the jury cannot take into consideration those things in determining the damages, if any, for his loss of time, but only the cash wages which he was then earning," which was refused. This instruction was faulty in that it assumed and required the court to say to the jury that a certain element of damage was not proven. The proper instruction would have been that unless the jury found from the evidence what was the value of the board and rent, they should not consider them in connection with the respondent's loss of time. With this slight change the instruction was proper, and as it called the at-

5—5 WASH.

tention of the court to an element of damage which might largely affect the verdict, we think it should have been modified in its form, and given to the jury.   They were directed to allow for loss of time, and were quite likely to make some guess at the board and rent in the absence of any mention of it, to the material injury of the appellant. For this reason there should be a new trial, unless the respondent shall see fit to make a concession to an extent which will certainly save the appellant harmless from the error committed.   Respondent's claim for $100 a month for his lost position may or may not have been considered by the jury.   If it was considered, then the possibility is that the jury allowed him $60 a month on account of the rent and family board for the period of eleven months. That allowance would be the extreme injury which the appellant could have suffered on account of the error committed by the court.

Therefore, if respondent elects within thirty days from the filing of this opinion to remit from his judgment the sum of $660 the judgment will be affirmed for the remainder, otherwise a new trial will be ordered.   Costs in either event to the appellant.

Anders, C. J., and Dunbar and Scott, JJ., concur.

Hoyt, J.—I concur in the opinion on the merits, but not in that upon the motion.